IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31072
_____


TOM MATTHEWS,

Plaintiff - Appellant

v.

CHARLES C. FOTI, JR., ET AL.,

Defendants - Appellees


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
**(93-CV-3846)**
_____

November 4, 1996
Before KING, JOLLY, and DENNIS, Circuit Judges.


PER CURIAM:[*]

Tom Matthews, a Louisiana inmate, appeals the district

court's judgment dismissing his civil rights complaint brought

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

pursuant to 42 U.S.C. § 1983. Matthews argues that dismissal was improper because (1) the district court failed to appoint counsel to represent him at trial and (2) he was deprived of his Fourteenth Amendment right to due process in connection with a prison disciplinary incident. For the following reasons, we affirm the judgment of the district court.

## I. BACKGROUND

Proceeding pro se and in forma pauperis, Matthews filed a complaint against Charles C. Foti, Jr., Criminal Sheriff of Orleans Parish, Tremelon Collins, a deputy sheriff, and Orleans Parish Prison wardens Washington and Bordelon, alleging that he was deprived of his civil rights when he was placed in "the hole" for 30 days without a disciplinary hearing after being accused by Collins of exposing himself to her in the prison shower area. Trial was held before a magistrate judge on August 15, 1995. Matthews testified that he was placed in disciplinary segregation without a hearing. Detective Sidney Holt of the Orleans Parish Criminal Sheriff's Office, Special Investigations Division, testified that a disciplinary hearing was held on the date of the incident, October 22, 1993, and identified disciplinary records which so indicated. The magistrate judge found that a disciplinary hearing had been held and recommended that judgment be entered in favor of defendants because the factual predicate of Matthews's complaint had been established as untrue. The

district court adopted the findings and recommendation of the magistrate judge and entered judgment dismissing the complaint. Matthews timely appealed.

## II. ANALYSIS

Matthews contends, first, that he was under the impression that he would have counsel to represent him at trial and that he was unprepared to represent himself. Generally speaking, a civil rights plaintiff has no right to the automatic appointment of counsel. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The district court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 unless the case presents exceptional circumstances. Id. The existence of exceptional circumstances depends on the type and complexity of the case and the abilities of the individual bringing it. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). The discretion to determine whether appointment of counsel is appropriate is vested in the district court pursuant to 28 U.S.C. § 1915(d). Id.

The record discloses no abuse of discretion in the district court's failure to appoint counsel. Matthews made no request for appointment of counsel during the proceedings below[1] and did not otherwise indicate to the district court the presence of

---

[1] Matthews sent a letter to the clerk's office shortly after trial asking why he did not have counsel to represent him. The letter does not indicate that Matthews ever requested appointment of counsel, nor does the docket sheet.

3

exceptional circumstances that would warrant it.

Matthews's second argument on appeal is that he was deprived of due process under the Fourteenth Amendment in connection with the Collins disciplinary incident and that the district court erred in its finding that a disciplinary hearing had been held. We need not examine the district court's findings because this argument fails on other grounds as a matter of law. Under <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995), a convicted prisoner's liberty interests under the Due Process Clause are

> generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Id.</u> at 2300 (citations omitted). The disciplinary confinement of Matthews, a convicted prisoner at the time, was not such a significant departure from the ordinary conditions of his sentence as to constitute a protected liberty interest that would trigger due process protection. <u>See</u> <u>id.</u>; <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995) (prisoner's administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest), <u>cert. denied</u>, 116 S. Ct. 1690 (1996). Because Matthews has identified no cognizable liberty interest at stake, he cannot complain about the adequacy of any process allegedly due. Dismissal of Matthew's complaint was proper in light of <u>Sandin</u>.

4

## II. <u>CONCLUSION</u>

For the foregoing reasons, the judgment of the district court is AFFIRMED.